# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2011

Lyle W. Cayce
Clerk

No. 10-30756
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHERRIE D. WOOD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20042-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Sherrie D. Wood challenges her conviction for four counts of making fraudulent statements to obtain federal workers' compensation benefits in violation of 18 U.S.C. § 1920. She argues that the admission of evidence suggesting that she reimbursed herself without authorization for expenses incurred as the result of her involvement with the Four Winds Tribe (Tribe), a Native American organization, or worse, that she embezzled tribal funds, was erroneous because it was irrelevant, inadmissible, and highly prejudicial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30756

The district court held that the evidence was intrinsic, rather than extrinsic, to the charged offense because it completed the story as to the manner in which she obtained the funds. We review for abuse of discretion the determination that evidence was admissible intrinsic evidence. *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007). As the district court correctly observed, the challenged evidence explained the extent of Wood's involvement with the tribe as well as how, why, and by whom payments were made to her. This evidence completed the story by proving the immediate context of the events in question. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010).

AFFIRMED.